IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DORIAN BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-2148-X (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* plaintiff Dorian Bryant filed a complaint against the United States referring to legal concepts like libel, slander, and invasion of privacy, but without any facts that would support causes of action based on such concepts. Instead, the thrust of her complaint appears to be that YouTube does not allow users to save videos of White House "information" after the administration leaves office, which, she contends, is problematic because the videos contain proof that unspecified rights are being violated. ECF No. 3 at 3.

For the reasons below, the Court should dismiss Bryant's case with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) unless she shows through timely objections to this recommendation a basis to amend the complaint to allege a plausible claim.

## Legal Standards and Analysis

Bryant proceeds *in forma pauperis* (IFP), so her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33 (citations omitted).

A review of Bryant's complaint shows that it fails to state a claim on which relief can be granted. She provides no factual allegations to support her claims for libel, slander, and invasion of privacy, so those claims should be dismissed.

She also complains about a YouTube policy that restricts users from "saving" unspecified White House "information." ECF No. 3 at 3. But her sparse and conclusory allegations do not plausibly show that the Government—the only named defendant—had anything to do with that policy or that she has a legal right to "save" such videos from YouTube.

Nor does she allege how she, specifically, is harmed or injured by the alleged policy. And without allegations of an injury particular to her, she could not show standing to complain about YouTube's policy even if she could otherwise state a claim. *See McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020) ("To establish standing, Plaintiffs must show that they have suffered an injury in fact: a personal injury that is traceable to the defendant's alleged conduct and that is likely to be redressed by a favorable decision.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Campaign Legal Center v. Scott*, 49 F.4th 931, 935 (5th Cir. 2022) (noting that Article III standing requires the plaintiff to show an injury that is concrete and particularized, meaning it affects the plaintiff in "in a personal and individual way") (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)).

In sum, Bryant fails to state a claim upon which relief can be granted and her complaint should be dismissed with prejudice unless she shows in objections to this recommendation (further explained below) that she could cure the defects in the complaint through amendment.

3

## Leave to Amend

The ability to file objections to this recommendation (further explained below) allows Bryant an opportunity to cure the deficiencies identified above and show the Court that this case should not be dismissed at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.") (citations omitted)).

But if Bryant fails to show through timely objections that leave to amend should be granted, the Court should dismiss her claims with prejudice.

## Recommendation

Unless Plaintiff Dorian Bryant satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss her complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

September 16, 2024.

                                           REBECCA RUTHERFORD
                                           UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).